**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ARDENT TECHNOLOGIES, INC., et al.,** | : | **CASE NO. 3:23-cv-00137-TMR** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE THOMAS M. ROSE** |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **ADVENT SVCS LLC, et al.,** | : | **PETER B. SILVAIN, JR.** |
| **Defendants.** | | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

**1.** **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing party or third party (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to and documents produced in response to discovery requests by the Parties, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material**

    a. **Designating Material As "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** Any party, or any third party, may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith constitutes confidential personal information (including information originating from the European Union and requiring confidential treatment as a result of the European Union's privacy laws and regulations), medical or psychiatric information, trade secrets, personnel records, or such other sensitive personal and commercial information that is not publicly available. The designation of materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      **b.** **Designating Material As "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."** Any party, or any third party, may designate as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4.a, but as to which the Producing Entity also asserts in good faith that the information is so competitively sensitive that the receipt of the information by a party to the litigation (a "Receiving Party") could result in competitive harm to the Producing Entity.

      **c.** **Limitations on Confidentiality Designations.** The following information shall not be designated or protected under this Protective Order:

    1. Information that is in the public domain;

    2. Information that the Producing Entity has not undertaken with others to maintain in confidence and that is in the lawful possession of or becomes lawfully available to the Receiving Party other than through discovery in this action, but only if the Receiving Party can show by written documentation that the information independently came into its rightful possession; or

    3. Information that is independently developed by the Receiving Party, as reflected by written documentation demonstrated to be in existence prior production by the party claiming confidentiality.

**5.** **Form and Timing of Designation.**

      **a.** **Documents and Other Written Materials.** The Producing Entity shall designate any documents or other written materials, including electronically stored information ("ESI") produced in image (e.g., TIFF) format, as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation and indicating the identity of the Producing Entity (e.g., through the use of an identifying prefix to the document identification (Bates) number). The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document.

   **b.**  **Native ESI:** If a production response includes ESI produced in native format, the Producing Entity shall (1) designate in a transmittal letter or email to the party to whom the materials are produced using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER"; (2) append to the file names or designators information indicating whether the file contains "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" material; or (3) use any other reasonable method that is agreed to by the parties for so designating electronic files produced in native format.

   **c.**  **Timing.** Except as otherwise provided in Subparagraph (d) below, Confidential Information that qualifies for protection under this Order must be clearly so designated prior to, or at the time of, production or disclosure. Notwithstanding the foregoing sentence, if timely corrected, an inadvertent failure to designate qualified information or items (including deposition testimony) does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. In response to Plaintiffs' Motion for an Expedited Informal Telephone Conference to Resolve Discovery Disputes (Doc # 40), Magistrate Judge Silvain indicated the financial information of Advent SVCS being produced in this litigation qualifies for protection under this Order, specifically under Section 4(b) herein. Defendants will still designate any such documents or ESI containing financial information they believe are entitled to protection under this Order as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any

documents or portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in the manner set out above.

      d.     **Third Party Production of Documents**. Regarding documents produced by third-parties in response to any subpoena duces tecum, the receiving party shall hold those documents as if they had all been designated as Attorney's Eyes Only ("Documents Subject to Temporary AEO Designation") under this Order for seven (7) days after receipt by all other parties (the "Seven Day Hold Period) without the need to stamp or otherwise designate those documents as subject to that protection. During that Seven Day Hold Period, any party may provide the other parties with copies of the Documents Subject to Temporary AEO Designation that are designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" material in the manner set out in Section 5(a) or (b) above and those documents and all copies shall thereafter be treated as such pursuant to this Order. At the end of the Seven Day Hold Period, any of the Documents Subject to Temporary AEO Designation that are not specifically designated as indicated under Section 5(a) or (b) shall no longer be considered subject to the Attorneys Eyes Only designation or otherwise subject to the restrictions of this Order.

      e.     **Deposition Testimony.** Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" until no later than ten (10) days after the final transcript is delivered to any party or witness, during which time a party may serve a Notice of Designation on all parties of record. The Notice of Designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies. Thereafter only

those portions identified in the Notice of Designation shall be protected by the terms of this Order except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation. The parties shall take reasonable steps to identify these portions of any transcripts subject to a Notice of Designation by stamping or otherwise designating the applicable pages of transcript copies with "Confidential" or "Attorneys' Eyes Only" as appropriate.

6. **Limitation Of Use.**

a. **General Protections.** All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

b. **Persons To Whom Information Marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following

persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. as to any party to this action who is not an individual, any employee, director, officer, or manager of that party with a need to know, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation and only subject to the provisions of Subparagraph 6(d) below, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

5. the authors, the original recipients of the documents; or other persons reasonably believed to have previously seen the document or been informed about the document;

6. any court reporter or videographer reporting a deposition;

7. employees of copy services, microfilming or database services, trial support firms, translators, and/or other professional vendors who are engaged by the parties during the litigation of this action;

8. any other person agreed to in writing by the parties, provided such person

is advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

      **c.**      **Persons To Whom Information Marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" May Be Disclosed.** Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation and only subject to the provisions of Subparagraph 6(d) below, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

3. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

4. the authors, the original recipients of the documents; or other persons reasonably believed to have previously seen the document or been informed about the document;

5. any court reporter or videographer reporting a deposition;

6. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action; and

7. any other person agreed to in writing by the parties and their counsel, provided that the parties must agree to the exact documents (and Bates numbering) identified and only such documents shall be produced, whereby such person is advised that the confidential information is being disclosed pursuant to and subject to the terms of the Protective Order.

    **d.**    **Disclosure to Consultants and Experts.**  Confidential Information shall be disclosed to independent consultants and expert witnesses only upon the following terms:  Prior to any disclosure, each consultant or expert shall certify in writing to counsel for the party that engages his or her services that he or she does not have any known conflict of interest with any of the opposing parties.

    **7.**    **Protection of Privileged and Work-Product Protected Information.** Pursuant to subsections (d) and (e) of Federal Rule of Evidence 502, the parties agree to, and the Court orders, protection of Protected Information (as defined below) against claims of waiver, including as against third parties and in other Federal and State proceedings, in the event such information is produced during the course of the Litigation, whether advertently or inadvertently and whether pursuant to a Court order, a party's discovery request, or informal production, as follows:

    a.    the production of documents or ESI (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

    b.    the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind to the maximum extent allowed by Federal Rule of Evidence 502(d);

    c.    if a Receiving Party reasonably believes any document or ESI (including, without limitation, metadata) is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the receiving party will promptly notify the producing party in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the producing party confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will returnor destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d.     upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e.     if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f.     if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, returnor destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g.     a Receiving Party's return, sequestration, or destruction of such Protected Information as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to

prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h. nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party.

8. **Copies.** Prior to production to another party to the extent reasonably possible without undue expense or burden, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Confidentiality Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Confidentiality Designation if it does not already appear on the copy. Regardless, all copies of documents designated with a Confidential Designation whether or not physically bearing the appropriate Confidentiality Designation shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

9. **Filing Materials Containing Information with A Confidentiality Designation.** The Parties shall follow the following procedure for filing documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" with the Clerk:

a. A party that intends to file a document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" with the Clerk ("Filing Party") shall first provide written notice via email to counsel of record for the Producing Entity of the Filing Party's

11

4624721.4

        intent to file, and provide a copy of the document the Filing Party intends to file to the Producing Entity. The Filing Party shall provide such written notice to the Producing Entity at least five (5) business days before the Filing Party's filing deadline.

b.     The Filing Party and Producing Entity shall then consult to determine whether, with the consent of the Producing Entity, the document or a redacted version of the document may be filed with the Court not under seal.

c.     Where agreement is not possible or adequate, within three (3) business days of receiving written notice in accordance with Section 9(a), which may be extended by stipulation of the parties or Court order, the Producing Entity shall file a motion with the Court requesting that the Filing Party be required to file the document or documents identified in the written notice under seal, and requesting that the Filing Party be required to file any portions of a brief, memorandum or pleading that discloses or describes Confidential Information contained within that document under seal.

d.     In the event that the Producing Entity is also the Filing Party, the Filing Party shall file a Motion with the Court requesting permission to file the document or documents under seal and any portions of the brief, memorandum or pleading that discloses the Confidential Information contained within that document or those documents under seal.

e.     Within 24 hours of the filing of a motion to seal a document marked Confidential or Attorneys' Eyes Only pursuant to Section 9(c), the party that filed the motion to seal shall serve a copy of the document(s) subject to the motion to seal on all

counsel of record, and deliver a copy of the subject document(s) to the presiding judge in a sealed envelope marked "CONFIDENTIAL – SUBJECT OF PENDING MOTION TO SEAL," displaying the case name, docket number, the document's bates number or other identifying exhibit number, the name of the party who has designated the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and the name of the attorney who has submitted the document to the presiding judge, on the front of the envelope,

f. If a motion to seal made pursuant to Section 9(c) or 9(d) seeks permission for the Filing Party to file a brief, memorandum, or pleading under seal, the Filing Party may timely file with the Clerk a version of the brief, memorandum, or pleading with appropriate redactions, and serve, via email, an unredacted copy of the brief, memorandum, or pleading on all counsel of record, and deliver an unredacted copy of the brief, memorandum, or pleading to the presiding judge in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PENDING MOTION TO SEAL," displaying the case name, docket number, the docket number assigned to the redacted filing, the name of the Filing Party, and the name of the attorney who has submitted the brief, memorandum, or pleading to the presiding judge, on the front of the envelope.

g. If the motion to seal is denied, the Filing Party shall promptly file an unredacted version of the subject document, brief, memorandum or pleading with the Court.

h. A Producing Entity who fails to file a motion to seal under Section 9(c) within the time allowed, after receiving written notice from a Filing Party in accordance with

Section 9(a), shall be deemed to have waived all protections of this Protective Order for the document or documents identified in the Filing Party's written notice.

10. **Attorneys Allowed to Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order. Provided, an attorney may provide a general description without specificity to a client of Confidential Information if reasonably necessary to provide advice.

11. **Excluding Others from Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition. This enforcement can also be applied to named Parties before the Court.

12. **No Voluntary Disclosure to Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6(a) of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

13. **Disputes as to Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). If the parties cannot resolve a challenge without court intervention, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c) within ten (10) business days of the parties agreeing that the conferral process will not resolve their dispute. A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach;

(2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the producing party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. **No Waiver of Right to Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

16. **No Determination of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

17. **No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

18. **No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.     Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**20.     Parties May Consent to Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties knowingly consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

**21.     Return of Materials Upon Termination of Litigation.** The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty (60) days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Confidential Information of any other party.

**22.     Counsel Allowed to Retain Copy of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

23. **Continuing Jurisdiction and Enforcement**. The Court shall retain jurisdiction over the Parties and those persons who sign Attachment A to the Protective Order (and thus submit to the Court's jurisdiction in matters relating to the Protective Order) for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order. This Protective Order shall survive the final disposition of this lawsuit, by judgment, dismissal, settlement, or otherwise.

**SO ORDERED.**

Dated:  December 12. 2024                   *s/Peter B. Silvain, Jr.*
                                            Peter B Silvain, Jr.
                                            United States Magistrate Judge


AGREED TO**:**

| | |
|---|---|
| | */s/ Brandley J. Steffen by /s/ James A. Dyer*  *Per 12/10/24 email approval* |
| */s/ James A. Dyer* | |
| James A. Dyer (0006824), Trial Attorney | Brian S. Sullivan (0040219) |
| Toby K. Henderson (0071378) | Bradley J. Steffen (0093450) |
| SEBALY SHILLITO + DYER | DINSMORE & SHOHL LLP |
| A Legal Professional Association | 255 Fifth Street, Suite 1900 |
| 220 East Monument Avenue, Suite 500 | Cincinnati, OH 45202 |
| Dayton, OH 45402-1267 | Telephone: (513) 977-8200 |
| Telephone: (937) 222-2500 | Facsimile: (513) 977-8141 |
| Facsimile: (937) 222-6554 | brian.sullivan@dinsmore.com |
| jdyer@ssdlaw.com | bradley.steffen@dinsmore.com |
| kmeeks@ssdlaw.com | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

4624721.4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ARDENT TECHNOLOGIES, INC., et al.,** | : | **CASE NO. 3:23-cv-00137-TMR** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE THOMAS M. ROSE** |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **ADVENT SVCS LLC, et al.,** | : | **PETER B. SILVAIN, JR.** |
| **Defendants.** | | |

**FORM PROTECTIVE ORDER**
**ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYE ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

4624721.4

2

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____    _____
Signature

4624721.4