**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ARDENT TECHNOLOGIES INC., *et al.*,** | : | **CASE NO. 3:23-CV-00137-TMR** |
| **Plaintiffs,** | : | **Judge Thomas M. Rose** |
| **v.** | : | |
| **ADVENT SVCS LLC, *et al.*,** | : | |
| **Defendants.** | : | |

**UNOPPOSED CONDITIONAL ORDER OF DISMISSAL WITHOUT PREJUDICE**

The Court has been advised by the undersigned counsel of record for Plaintiffs, Ardent Technologies Inc. ("ATI") and Srinivas Appalaneni ("Appalaneni") (collectively, "Plaintiffs") and counsel of record for Defendants Advent SVCS LLC ("Advent") and Tomas Santos-Alejandro ("Santos-Alejandro") (collectively, "Defendants") (collectively, the Plaintiffs and Defendants are referred to as "the Parties") that the Parties have entered into a **SETTLEMENT AND RELEASE AGREEMENT (**the "Settlement Agreement") subject to performance of certain terms and conditions and intend to preserve this Court's jurisdiction pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Counsel for the Parties have provided approval to enter this conditional dismissal to reopen this action if certain provisions of settlement are not consummated by December 31, 2026 (the "Conditional Deadline"). The Court acknowledges receipt of a fully executed copy of Settlement Agreement via email to chambers. Given these circumstances, this Court **ORDERS**:

1. **Conditional Dismissal.** This action, including all claims, counterclaims and defenses asserted herein, is conditionally **DISMISSED WITHOUT PREJUDICE**, subject to the terms and conditions set forth below, pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. **Condition — Performance of Settlement.** This dismissal is conditioned upon the Parties' complete performance of the Conditional Events[1], including the Settlement Payment Provision and the AAJV Key Provisions under their Settlement Agreement. The Parties shall complete performance of the Conditional Events under the terms of the Settlement Agreement on or before the Conditional Deadline. Should any Party file the Settlement Agreement, for any reason, it shall be filed under seal.

3. **Retention of Jurisdiction.** The Court has reviewed and is fully advised as to the terms and conditions of the Settlement Agreement. The Court expressly retains jurisdiction over this action and over the Parties for the purpose of enforcing the terms of the Parties' Settlement Agreement, entering any Agreed Judgment as set forth in the Settlement Agreement, and resolving any dispute arising out of or relating to that Settlement Agreement, whether such disputes arise before or after the Conditional Deadline. Every term of the Parties' Settlement Agreement is expressly incorporated herein. This retention of jurisdiction is expressly made to comply with and should be construed consistent with *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

4. **Reinstatement / Reopening.** If any of the Conditional Events, including the Settlement Payment Provision or the AAJV Key Provisions, set out in the Settlement Agreement

[1] The term "Conditional Events", "Settlement Payment Provision" and "AAJV Key Provisions" are defined in Section 1 of the Settlement Agreement.

are not fully performed, any Party may, on or before the Conditional Deadline, move to reopen this action and to restore it to the Court's active docket upon a showing of good cause for further proceedings consistent with this Order. Upon the filing of such a motion by Plaintiffs, and for good cause shown, the Court will vacate this Unopposed Conditional Order of Dismissal, and the Plaintiffs shall then proceed to submit the Agreed Judgment Entry (as attached as Exhibit C to the Settlement Agreement) to the Court. Upon entry of the Agreed Judgment Entry by the Court, Plaintiffs may then proceed to take any actions necessary or useful to enforce and collect upon the Agreed Judgment Entry.

5. **Automatic Final Dismissal.** If all Conditional Events are satisfied before the Conditional Deadline, the Parties agree to file the Final Dismissal Entry attached as Attachment 1 to this Unopposed Conditional Order (the "Final Dismissal Entry") with an electronic signature signifying approval from counsel for all Parties. But if no Party moves to reopen this Action as set out in Paragraph 4 above and no stipulation or other dismissal papers are filed (including the Final Dismissal Entry) on or before the Conditional Deadline set forth in Paragraph 2, then this dismissal shall become FINAL AND WITH PREJUDICE without further order of the Court, and the Clerk shall close the case. The Court shall continue to retain jurisdiction as set forth in Paragraph 3.

6. **Costs and Fees.** Each Party shall bear its own costs and attorneys' fees, except as the Parties may otherwise agree in the Settlement Agreement.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 2, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE